**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51486/51487/51488**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 9, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AUSTIN LLOYD JOHNSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Orders revoking probation and directing execution of previously suspended sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

In Docket No. 51486, Austin Lloyd Johnson pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court withheld judgment and placed Johnson on probation for a period of three years. In Docket No. 51487, Johnson pled guilty to possession of a controlled substance, I.C. § 37-2732(c). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a sentence of seven years with two years determinate, suspended the sentence, and placed Johnson on probation for a period of five years with an order that he complete Drug Court. In Docket No. 51486, Johnson admitted violating his probation and the district court revoked the

1

withheld judgment, imposed an underlying sentence of seven years with three years determinate, and placed Johnson on probation for a period of seven years with an order to complete Drug Court. Subsequently, Johnson admitted to violating his probation in each case by failing to complete Drug Court. The district court discharged Johnson from Drug Court, revoked his probation, imposed the underlying sentences, and retained jurisdiction. Following the period of retained jurisdiction, the district court placed Johnson on probation in both cases for a period of four years.

In Docket No. 51488, Johnson pled guilty to possession of a controlled substance, I.C. § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court imposed an underlying, concurrent sentence of five years with one year determinate, suspended the sentence, and placed Johnson on probation for a period of five years subject to the same conditions as in the other two cases. Johnson admitted violating probation in the other two cases and the district court revoked and reinstated probation in the two other cases with an order to complete Drug Court.

Johnson entered Drug Court for a second time, completed Drug Court, and was placed on unsupervised probation in all three cases. Johnson later admitted to again violating his probation. At the disposition hearing, the district court revoked Johnson's probation and executed his underlying concurrent sentences. Johnson appeals, contending that the district court abused its discretion in revoking probation and executing his underlying sentences

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at

2

327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Johnson's sentences. Therefore, the orders revoking probation and directing execution of Johnson's previously suspended sentences are affirmed.